IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Angela Miller, et al.,** | Case No. 1:25cv01675 |
| **Plaintiffs,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| | |
| **Richland County Children Services, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

*Pro se* plaintiffs Angela Miller and Jason L. Miller, Sr. filed a civil rights action under 42 U.S.C. § 1983 against the Richland County Children Services, CASA of Richland County (presumably Court Appointed Special Advocates), ViaQuest, Magistrate Karen Cannon, Mansfield Police Department, Lexington Police Department, and New Hope Behavioral Health, concerning the custody of their minor child.[1] (Doc. No. 1). On September 30, 2025, Plaintiffs filed a motion to amend the complaint. (Doc. No. 3). The motion included a request to correct a clerical error and to add additional claims as well as a new defendant, Lexington High School. The Court grants Plaintiffs' motion and considers this document as part of the operative complaint.

Plaintiffs also filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants the application.

## I. Background

This complaint stems from a Richland County Juvenile Court case and the removal of Plaintiffs' child from their home. According to the complaint, Children Services visited Plaintiffs'

---

[1] Although the complaint references two children, the allegations appear to pertain only to Plaintiffs' younger son. (*See* Doc. No. 1-2 at 1).

home "following a previously failed visit" and "accused [Plaintiffs] of neglect and sexual misconduct." (Doc. No. 1-2 at 1). Plaintiffs signed a safety plan "under immense pressure and fearing arrest," their children were removed from the home, and the plaintiffs were denied contact with the children. Following an investigation, Plaintiffs' older son was permanently placed with a family member and the younger son, who appears to be the subject of this complaint, was placed in an Intermediate Care Facility ("ICF"), which was later ViaQuest. Court-ordered visitation changed from three overnights per week to one overnight visit. Thereafter, Children Services filed a motion for temporary custody, which the court granted. (*Id.*). Plaintiffs state that Children Services and the local school district conducted an IEP without notifying Plaintiffs and they determined that Plaintiffs' minor child would not be permitted to attend the technical school program he selected, "based solely on his disability." (*Id.*).

Plaintiffs claim that their child was removed from their home without a warrant or exigent circumstances, Children Services acted in concert with local law enforcement and other agencies or officials to remove their child despite having no evidence of immediate danger, the defendants failed to provide Plaintiffs with notice or a hearing prior to depriving them of their parental rights, Plaintiffs were denied access to CASA reports (including notes provided by ViaQuest), Lexington High School ignored the child's IEP and denied Plaintiffs access to their son's records, and Magistrate Cannon denied Plaintiff Angela Miller the right to cross-examine her husband, Jason L. Miller, Sr., and denied her the right to present evidence. (Doc. Nos. 1, 3). Plaintiffs allege that this conduct constitutes a violation of the First, Fourth, Eighth, and Fourteenth Amendments. Plaintiffs additionally allege that Defendants violated the Americans with Disabilities Act ("ADA") by excluding their son from the educational program of his choice based strictly on his disability, without accommodations or parental involvement. (Doc. Nos. 1, 1-2 at 2).

Plaintiffs request the following relief: return custody of their child; an order compelling CASA to provide to Plaintiffs all documents relating to their case; a permanent restraining order against CASA and Children Services to prevent further harassment or retaliation against Plaintiffs' family; all state actors "be held accountable, including criminal penalties"; all charges against Plaintiffs be dismissed; and monetary relief. (Doc. Nos. 1, 1-2).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-

me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

### A. The ADA Claim

Plaintiff appears to claim that the defendants violated their minor child's rights under the Americans with Disabilities Act when they excluded their child from certain educational programs "based on his disability." They also allege the defendants failed to provide their child accommodations. (See Doc. No. 1-2 at 2). Non-attorney parents, however, cannot appear *pro se* on behalf of their minor child in lawsuits in federal court.

A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). The statute, however, "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citation omitted). This rule "'protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent.'" *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (quoting *Zanecki v. Health Alliance Plan of Detroit*, 576, F. App'x 594, 595 (6th Cir. 2014) (per curiam)).

Therefore, parents cannot appear *pro se* on behalf of their minor children "because a minor's personal cause of action is [his or] her own and does not belong to [his or] her parent or representative." *Shepherd*, 313 F.3d at 970 (citation omitted); *see also McCoy v. Akron Police Dep't*, No. 5:21-cv-51, 2021 U.S. Dist. LEXIS 88484, 2021 WL 1857119, at *1 (N.D. Ohio May

10, 2021) ("[W]hile a parent may technically bring suit on behalf of a minor child, he or she may not do so *pro se*—that is, the parent can only bring suit on behalf of the minor child through an attorney.") (citing *Shepherd*, 313 F.3d at 970). "The general rule prohibiting a non-attorney parent from representing his or her minor child in federal court 'is designed to protect the interests of the minor party[.]'" *Adams v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011) (citation omitted); *see also Wirtz v. Medina City Sch. Dist. Bd. of Educ.*, No. 1:21-cv-1730, 2022 U.S. Dist. LEXIS 121230, *5 (N.D. Ohio July 8, 2022) (dismissing without prejudice Section 1983 claims brought by *pro se* parent on behalf of her minor children).

Here, there is no suggestion in the complaint that either plaintiff is a licensed attorney who may lawfully assert the claims of their minor child. Therefore, to the extent that the complaint asserts claims on behalf of Plaintiffs' minor child, including claims that the defendants violated the child's rights under the ADA, those claims are dismissed without prejudice to any of the child's claims being refiled by an attorney.

### B. Jurisdiction

Plaintiffs' complaint stems from state court proceedings in the Richland County Juvenile Court. To the extent Plaintiffs are challenging the state court's orders and decisions regarding the custody of Plaintiffs' minor child and asking this Court to vacate a state court judgment and enter judgment in their favor, the *Rooker-Feldman* doctrine bars this Court's consideration of their claims.

Under the *Rooker-Feldman* doctrine, a party losing his or her case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012). Federal appellate review

of state court judgments can only occur in the United States Supreme Court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

The *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299. If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008). In conducting this inquiry, the Court also considers the plaintiff's requested relief. *Evans v. Cordray*, 424 Fed. App'x. 537, 2011 WL 2149547, at *1 (6th Cir. 2011).

Here, the source of Plaintiffs' alleged injury appears, in part, to be the child custody orders, and Plaintiffs ask the Court to return custody of their child to Plaintiffs and prohibit further interference by the state court agencies or officials. Pursuant to *Rooker-Feldman*, this Court lacks jurisdiction to vacate the judgment of the state court and grant Plaintiffs' requested relief.

To the extent Plaintiffs are seeking to litigate the child custody matter for a second time in another court in the hope of obtaining a different result, this Court lacks subject matter jurisdiction to grant that relief.

The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979*); Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). The term "res judicata" literally means "a thing [already] adjudicated." Black's Law Dictionary, 2nd Ed. When one court has already resolved the merits of a case, another court will not revisit them. *Montana*, 440 U.S. at 153; *Parklane Hosiery Co., Inc.*, 439 U.S. at 326. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* Furthermore, *res judicata* bars Plaintiff from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

Here, Plaintiffs are challenging the judgment of the Richland County Juvenile Court, namely the state court's order granting temporary custody of Plaintiffs' child to Children Services and the child's purported placement in an intermediate care facility. Plaintiffs are barred by *res judicata* from relitigating those issues in federal court.

Moreover, this Court lacks jurisdiction to consider child custody issues. Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). The second type of federal jurisdiction

relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Diversity of citizenship does not exist in this case. Even if it did, child custody issues fall under the domestic relations exception to diversity jurisdiction. *See Ankenbrandt v. Richards*, 504 U.S. 689, 704, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992); *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794-98 (6th Cir. 2015). If federal jurisdiction exists in this case, it must be based on federal law. Child custody determinations, however, are a matter of state law. The Court therefore lacks subject matter jurisdiction to make a child custody determination.

Finally, to the extent Plaintiffs' state court proceedings are still pending, the Court must abstain from hearing challenges to these state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). When an individual is the subject of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state defendant files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention

is mandated where federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44. Additionally, the principles expressed in *Younger* apply to ongoing state civil and criminal proceedings. *Watts*, 854 F.2d at 844.

Regarding the third requirement of *Younger*, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979). The plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15; *see also Szarell v. Summit Cty. Ct. of Common Pleas*, No. 5:18 CV 2975, 2019 U.S. Dist. LEXIS 142061, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Here, if the state court proceedings in Richland County Juvenile Court are still pending, all three factors supporting abstention are present. State court proceedings involving domestic relations and child custody, visitation, or support matters implicate important state interests. *See Butterfield v. Steiner*, No. C2-01-1224, 2002 U.S. Dist. LEXIS 19057, 2002 WL 31159304, at *6 (S.D. Ohio Sept. 5, 2002) ("Federal courts have consistently recognized that matters relating to domestic relations cases and child custody disputes implicate important state interests[.]") (citing *Moore v. Sims*, 442 U.S. 415, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979)). And there is no suggestion in the complaint that any purported claim in this federal lawsuit is barred in the state action. The Court must therefore abstain from interfering with Plaintiffs' pending state court proceedings.

## C. Failure to State a Claim

Even if the Court had jurisdiction over Plaintiffs' child custody claims, to the extent Plaintiffs seek damages against Magistrate Karen Cannon, Richland County Children Services, Richland County CASA, Mansfield Police Department, and Lexington Police Department for violating their constitutional rights, they fail to state a claim upon which relief may be granted.

Magistrate Karen Cannon is immune from suit. Judicial officers are absolutely immune from civil suits. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge, or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or the judge exceeded his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Here, neither exception to immunity applies. Plaintiffs' allegations against Magistrate Cannon concern decisions she made in connection with Plaintiffs' child custody proceedings. Specifically, Plaintiff Angela Miller alleges that Magistrate Cannon denied Miller the right to cross-examine her husband, Plaintiff Jason L. Miller, Sr., and denied her the right to present evidence on the plaintiffs' behalf. Magistrate Cannon was acting as a judicial officer when she rendered her decisions and issued her judgments. And there is no suggestion in the complaint that the decisions rendered by Magistrate Cannon were taken in complete absence of all subject matter

jurisdiction of the court over which she presides. Magistrate Cannon is therefore absolutely immune from suit.

Additionally, Richland County Children Services and Richland County CASA are not *sui juris*, meaning they are not legal entities separate from the county that can sue or be sued in their own right. *Loper v. Cuyahoga Cty. Children & Family Servs.*, No. 1:18 CV 1598, 2019 U.S. Dist. LEXIS 64375, 2019 WL 1597552, at *5 (N.D. Ohio Apr. 15, 2019) (Cuyahoga County Children and Family Services is not *sui juris* and cannot be sued in its own right); *Wilson v. Trumbull County Dep't of Job & Family Servs.*, No. 4:12 CV 02163, 2013 U.S. Dist. LEXIS 154926, 2013 WL 5820276, at *3 (N.D. Ohio Oct. 29, 2013) (finding that "numerous district courts" have found that county agencies are not *sui juris*, and granting motion to dismiss of defendant Trumbull County Adult Protective Services because the county agency lacks the capacity to be sued) (collecting cases). The claims against Richland County Children Services and Richland County CASA therefore fail as a matter of law.

Finally, police departments are likewise not legal entities capable of being sued in their own right. *See Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (collecting cases and holding that Ohio courts and police departments are not *sui juris* for purposes of suit under Section 1983); *see also Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006) ("We note at the outset that the named defendant in this action, the Police Department of the City of Zanesville, is not a juridical entity subject to suit under Ohio law."). Plaintiffs' claims against the Mansfield Police Department and the Lexington Police Department therefore also fail as a matter of law.

The *Younger* abstention generally requires a federal court to stay rather than dismiss a damages action. *See Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) ("In the context of a

complaint seeking 'both equitable [relief] and money damages,' . . . 'a federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law.'") (quoting *Superior Beverage Co., Inc. v. Schieffelin & Co.*, 448 F.3d 910, 913-14 (6th Cir. 2006)). However, a court may dismiss such an action rather than hold it in abeyance when the plaintiff has failed to state a viable claim for relief. *See Moore v. City of Garfield Heights*, No. 1: 12-cv-17000, 2012 U.S. Dist. LEXIS 164911, 2012 WL 5845369, at *5 (N.D. Ohio Nov. 19, 2012) (citing *Wheat v. Jessamine Journal Newspaper*, No. 96-6426, 1996 U.S. App. LEXIS 22597, 1996 WL 476435 (6th Cir. Aug. 20, 1996) (stating that dismissing a case rather than staying it is appropriate under *Younger* where a plaintiff fails to state a viable claim for relief)). In light of the foregoing, Plaintiffs' claims against Magistrate Karen Cannon, Richland County Children Services, Richland County CASA, Mansfield Police Department, and Lexington Police Department are dismissed.

## IV. Conclusion

Accordingly, the Court grants Plaintiffs' application to proceed *in forma pauperis* (Doc. No. 2). And the Court dismisses without prejudice any claims asserted on behalf of Plaintiffs' minor child, including claims that the defendants violated the child's rights under the ADA.

Additionally, the Court dismisses with prejudice, all claims against Magistrate Karen Cannon, Richland County Children Services, Richland County CASA, Mansfield Police Department, and Lexington Police Department pursuant to 28 U.S.C. § 1915(e)(2).

Further, the Court orders any claims against ViaQuest, New Hope Behavioral Health, and Lexington High School (as they pertain to Plaintiffs' claim that the school denied Plaintiffs access to their child's records), stayed pending the conclusion of the Richland County Juvenile Court case involving Plaintiffs and their minor child who is the subject of this complaint, including all appeals.

This case is administratively closed, subject to reopening upon a written motion to reopen filed by Plaintiffs demonstrating that the state court case listed above and all appeals in that case have been resolved or concluded. No claims or defenses are waived as a result of the stay. All pending motions are denied without prejudice to refiling in the event the case is reopened. Because this case is stayed, from this point forward, the only motion that the Court will entertain is a motion to reopen that demonstrates that the state court case (including all appeals) has been resolved. Until a motion to reopen is granted, no other filings will be considered by the Court, and the Clerk's Office is instructed to return to Plaintiffs, unfiled, any other documents.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: November 5, 2025

  s/*Pamela A. Barker*  
PAMELA A. BARKER  
U. S. DISTRICT JUDGE